SLR:LDM/BM:CSK
F# 2015V00190

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
– – – – – – – – – – – – – – – – – –X

UNITED STATES OF AMERICA

               Plaintiff,

   -against-

EIGHTY-TWO THOUSAND, EIGHT HUNDRED
THIRTY-NINE DOLLARS AND SEVENTY-TWO
CENTS, MORE OR LESS, IN U.S. CURRENCY,
($82,839.72), SEIZED ON OR ABOUT MARCH
23, 2015 FROM CHASE ACCOUNT NO. 979485851
HELD IN THE NAME OF OR FOR THE BENEFIT
OF NYC PODIATRY, P.C. AND ALL PROCEEDS
TRACEABLE THERETO; et. al.

            Defendants in Rem
– – – – – – – – – – – – – – – – –X

STIPULATION OF SETTLEMENT AND
PARTIAL ORDER OF FORFEITURE
AND ORDER OF DELIVERY

CV-15-2865
(Vitaliano, J.)
(Levy, M.J.)

WHEREAS, on or about May 19, 2015 the Verified Complaint in Rem, Warrant

of Arrest of Articles in Rem, and 18 U.S.C. § 985 Notice of Verified Complaint in Rem were

filed in the above-captioned civil forfeiture action;

WHEREAS, among the named Defendants in rem in this action are Three

Hundred and Forty-Four Thousand Six Hundred Ninety-One Dollars and Ten Cents, more or

less, in U.S. Currency ($344,691.10) seized on or about March 23, 2015, from TD Bank Account

xxx1200 held in the name of or for the benefit of Hylan Boulevard Physical Medicine and

Rehabilitation, PLLC and all proceeds traceable thereto ("Subject Account #6"); Four Hundred

Twenty-Eight Thousand Three Hundred Ninety-Nine Dollars and Eighty-Six Cents, more or less

in U.S. Currency ($428,399.86), seized on or about April 1, 2015, from TD Bank Account

xxx9850 held in the name of or for the benefit of Henry Sardar and all proceeds traceable thereto

United States v. $82,839.72, et. al. CV 15-2865 (ENV)
Stipulation of Settlement re: Sardar Claimants

(" Subject Account # 12"); Real Property and Premises known as 2376 E. 4th St., Brooklyn, New York, designated on the Kings County New York Tax Map as Block 7179, Lot 24, titled to Henry Sardar, and any and all proceeds traceable thereto ("Subject Property # 1");  Real Property and Premises known as 2394 E. 5th St., Brooklyn, New York, designated on the Kings County New York Tax Map as Block 7180, Lot 28, titled to Henry Sardar, and any and all proceeds traceable thereto ("Subject Property # 2"); and Real Property and Premises known as 1995 E. 7th St., Brooklyn, New York, designated on the Kings County New York Tax Map as Block 7089, Lot 79, titled to Henry Sardar and Alice Sardar, husband and wife, and any and all proceeds traceable thereto ("Subject Property # 3");

WHEREAS, Claimants HYLAN BOULEVARD PHYSICAL MEDICINE AND REHABILITATION, PLLC ("Hylan"), HENRY SARDAR, AND ALICE SARDAR ("the Sardar Claimants"), acknowledge that were served with copies of the Verified Complaint in Rem, Warrant in Rem, and Notice, by overnight mail on or about May 21, 2015;

WHEREAS notice of the government's intent to forfeit Subject Accounts # 6 and 12 and Subject Properties # 1, 2, and 3, was published on an official government website beginning May 27, 2015 and ending June 25, 2015 pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules");

WHEREAS on or about May 29, 2015 a verified claim by Henry Sardar, was filed in connection with this pending federal civil forfeiture action pursuant to Supplemental Rules Rule G(5)(a);

WHEREAS, or about July 10, 2015 a Stipulation and Order for a Stay of All Proceedings including Discovery pending final disposition of defendants Henry Sardar and/or

United States v. $82,839.72, et. al. CV 15-2865 (ENV)
Stipulation of Settlement re:  Sardar Claimants

Hylan in the related New York State Criminal Action <u>The People of the State of New York v.</u> <u>Vainer, et. al.,</u> (Ind # 1337/2015) was entered;

WHEREAS, on or about October 30, 2017, the New York State Criminal Action against Henry Sardar and Hylan was concluded;

WHERAS, on or about November 29, 2017, by and through counsel, Hylan filed a verified claim to Subject Account # 6; Henry Sardar filed an amended verified claim to Subject Accounts # 6 and 12 and Subject Properties # 1, 2, and 3; and Alice Sardar filed a verified claim to Subject Account # 12 and Subject Property # 3; and the Sardar Claimants filed an answer to the forfeiture complaint; and

WHEREAS, with the exception of the Sardar Claimants, no other person or entity has filed a verified statement of interest as to the Subject Accounts # 6 and 12 and Subject Properties # 1, 2, and 3, has requested, or has been granted an extension of time in which to do so, and the time to do so has expired.

IT IS HEREBY STIPULATED AND AGREED, by and between the plaintiff UNITED STATES OF AMERICA and the SARDAR CLAIMANTS, for valuable consideration, by and through their respective and undersigned counsel, as following:

1.    The Sardar Claimants represent that they are the sole owners of Subject Accounts # 6 and 12 and Subject Properties # 1, 2, and 3. In their capacity as the sole owners of these assets, the Sardar Claimants are authorized to execute this and all other documents necessary to effectuate the terms and conditions of this Stipulation and Settlement agreement in this federal civil forfeiture action.

2.    The Sardar Claimants voluntarily and without mental reservation waive with prejudice any and all right, title interest or claim they have or may have to One Hundred

<u>United States v. $82,839.72, et. al.</u> CV 15-2865 (ENV)
Stipulation of Settlement re: Sardar Claimants

and Thirty Nine Thousand, One Hundred and Fifty Six Dollars and Thirty Seven Cents

($139,156.37), plus any accrued interest on such funds, in Subject Account # 6 ("the Settlement

Amount").

        3.      The Sardar Claimants agree and consent to the forfeiture of the Settlement

Amount to the use and benefit of the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and

981(a)(1)(A).

        4.      The balance of the funds in Subject Account # 6 and 12, plus any and

accrued interest on such funds, shall be returned to the Sardar Claimants.

        5.      Within thirty days of this Stipulation and Order being fully executed, so

ordered, and entered on the docket sheet in this pending action, and upon receipt of certified

copies of the so ordered Stipulation and Order, the United States Marshals Service, Eastern

District of New York shall pay to the Sardar Claimants the funds as set forth in paragraph 4

above, via electronically wire transferred funds and as provided on the attached U.S. Department

of Justice, United Financial Management System, ACH Form.  The Sardar Claimants, by and

through their counsel, shall complete and submit this ACH Form to the United States upon this

Stipulation and Order being executed in order to effectuate the payment of the funds specified in

paragraph 4 that are currently being held by the United States Marshals Service, Eastern District

of New York.

        6.      Within thirty days of this Stipulation and Order being fully executed, so

ordered, and entered on the docket sheet in this pending action, and upon receipt of certified

copies of the so ordered Stipulation and Order, the United States will file with the Kings County

Clerk of Court releases of notices of pendencies regarding the Subject Properties 1, 2, and 3 and

provide the Sardar Claimants' counsel proof of same.

United States v. $82,839.72, et. al. CV 15-2865 (ENV)
Stipulation of Settlement re:  Sardar Claimants

7.       It is expressly understood and agreed that this Stipulation of Settlement constitutes a compromise of disputed claims.  The Sardar Claimants make no admissions of liability in connection with the allegations in the forfeiture complaint, and specifically deny liability with respect to such claims.

8.       The Sardar Claimants knowingly and voluntarily waive their rights, if any, to a jury trial in this federal civil forfeiture action.  The Sardar Claimants further waive all constitutional, legal, and equitable defenses in this federal civil forfeiture action, including but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the United States Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

9.       The Sardar Claimants agree that the forfeiture of the Settlement Amount is not to be considered a fine or the payment of any income taxes that may be due.

10.       The Sardar Claimants agree to release, remise and forever discharge plaintiff, United States of America, its agencies, agents, officers, and employees, past and present, from all claims or causes of action Claimants and its agents, assigns, officers, representatives, and successors ever had, now have, or hereafter may have against plaintiff, its agencies, agents, officers, and employees, past and present, for or on account of the commencement of this action, the seizure, restraint, and forfeiture of the defendants *in rem*, including but not limited to, Subject Accounts # 6 and 12, and Subject Properties # 1, 2, and 3 and the Settlement Amount.

11.       The Sardar Claimants agree that they will hold the United States, its agencies, agents, employees, and officers, past and present, harmless from any claims or suits brought by any person or entity concerning, referring, or relating to Subject Accounts # 6 and 12,

United States v. $82,839.72, et. al. CV 15-2865 (ENV)
Stipulation of Settlement re:  Sardar Claimants

and Subject Properties # 1, 2, and 3, and the Settlement Amount and that they shall: (a)

indemnify the United States and its agencies, agents, employees and officers, past and present in

the event of any such suit; (b) if demanded by the United States, defend any such suit; and (c)

provide evidence and testimony necessary to the defense of such suit.

12.     The Sardar Claimants waive their right, if any, to use this action, the

seizure, restraint, and/or forfeiture of Subject Accounts # 6 and 12, and Subject Properties # 1, 2,

and 3, and the Settlement Amount as a basis for any statutory or constitutional defense,

including, without limitation, defenses based upon the Double Jeopardy Clause of the Fifth

Amendment and the Excessive Fines Clause of the Eighth Amendment, in any other civil

criminal, or administrative action.

13.     Each party to this Stipulation is to bear its own costs and attorney's fees,

and the Sardar Claimants further agree to waive any and all right they have, if any, to recover

attorney's fees under the Equal Access to Justice Act, the Civil Asset Forfeiture Reform Act, or

any other legal or statutory bases.

14.     This Stipulation sets forth the parties' entire agreement, which can only be

amended in writing signed by all parties.

15.     The District Court shall retain jurisdiction of this action and to enforce this

Stipulation, Partial Order of Forfeiture and Order of Delivery.

16.     Upon the District Court's approval and the "so order" entry of this

Stipulation, and Partial Order of Forfeiture, the Clerk of Court shall docket, file and

forward five (5) certified copies to the United States Attorney's Office, Eastern District of New

York.

United States v. $82,839.72, et. al. CV 15-2865 (ENV)
Stipulation of Settlement re:  Sardar Claimants

Dated:    Brooklyn, New York
           January 31 , 2018

                                    RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York
Attorney for Plaintiff, USA
271 Cadman Plaza East
Brooklyn, New York 11201

By:    Claire S. Kedeshian
Assistant United States Attorney
(718) 254-6051
claire.kedeshian@usdoj.gov

Dated:  Uniondale, New York
         January 29 , 2018

FARRELL FRITZ, P.C.
400 RXR Plaza
Uniondale, New York 11556-3826
Attorney for Sardar Claimants

By:    Kevin P. Mulry, Esq.
(516) 227-0620
kmulry@farrellfritz.com

United States v. $82,839.72, et. al. CV 15-2865 (ENV)
Stipulation of Settlement re: Sardar Claimants

AGREED AND CONSENTED TO BY:

_____
HENRY SARDAR, Individually, and
As the Owner, Manager, and Principal of
HYLAN BOULEVARD PHYSICAL MEDICINE
AND REHABILITATION, PLLC ("Hyland")

On the 26 day of January in the year 2018, Henry Sardar, known to me, the undersigned, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to above, personally appeared before me and acknowledged to me that he executed the same in his individual capacity and in his capacity as the Owner, Manager, and Principal of Hylan, and that by his signature on the within instrument, he executed the instrument on behalf of Hylan.

NOTARY PUBLIC: P. DAVID ANTEBI

AGREED AND CONSENTED TO BY:

_____
ALICE SARDAR, Individually

On the 26 day of January in the year 2018, Alice Sardar, known to me, the undersigned, or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to above, personally appeared before me and acknowledged to me that she executed the same in her individual capacity.

NOTARY PUBLIC:

SO ORDERED:

on this _____ day of January, 2018

_____
HONORABLE ERIC N. VITALIANO
United States District Judge
Eastern District of New York

United States v. $82,839.72, et. al. CV 15-2865 (ENV)
Stipulation of Settlement re:  Sardar Claimants